UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.:

SPENCER WOODS,

    Plaintiff,

v.

CITIZENS TELECOM SERVICES COMPANY L.L.C.,
d/b/a FRONTIER COMMUNICATIONS,
a Foreign Limited Liability Company,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL AND REQUEST FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff, SPENCER WOODS ("Mr. Woods" or "Plaintiff") files this Complaint against Defendant, CITIZENS TELECOM SERVICES COMPANY L.L.C., d/b/a FRONTIER COMMUNICATIONS ("FC" or "Defendant"), and states as follows:

### INTRODUCTION

1. Plaintiff brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, *et seq*. ("FMLA"), the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*. ("ADA"), and Chapter 760 of the Florida Civil Rights Act ("FCRA") to recover from Defendant back pay, an equal amount as liquidated

damages, other monetary damages, equitable relief, front pay, declaratory relief, compensatory damages, punitive damages, and reasonable attorneys' fees and costs.

## JURISDICTION, VENUE AND FMLA COVERAGE

2. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1337 and the FMLA, and has the authority to grant declaratory relief under the FMLA and pursuant to 28 U.S.C. § 2201, *et seq*.

3. This Court has jurisdiction over Plaintiff's ADA claims pursuant to 28 U.S.C. § 1331, as they arise under 42 U.S.C. § 12101, *et seq*.

4. This Court also has supplemental jurisdiction over Plaintiff's FCRA claims, as they arise out of the same operative facts and circumstances as his FMLA/ADA claims.

5. At all times relevant hereto, Plaintiff was an employee of Defendant.

6. Plaintiff worked for Defendant in Hillsborough County, Florida, and this venue is therefore proper.

7. Defendant is a foreign limited liability company that is located and does business in Hillsborough County, Florida, and is therefore within the jurisdiction of the Court.

8. At all times relevant hereto, Defendant was an employer covered by the FMLA, because it was engaged in commerce or in an industry affecting commerce that employed 50 or more employees within 75 miles of where Plaintiff worked, for each working day during each of 20 or more calendar workweeks, prior to seeking leave under the FMLA.

9. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that he: (a) suffered from a serious health condition as defined by the FMLA which necessitated FMLA leave; and (b) was employed by Defendant for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to him seeking to exercise his rights to FMLA leave.

10. Plaintiff is a disabled male. At all times material, Plaintiff was protected during his employment with Defendant by the FCRA and ADA because:

   a. Plaintiff was a disabled or "perceived as disabled" employee who suffered discrimination and harassment because of his disability or "perceived disability" by Defendant; and

   b. Plaintiff was retaliated against and suffered adverse employment action and was subjected to an increasingly hostile work environment as a result of his disability or "perceived disability."

11. Defendant was at all times an "employer" as envisioned by the ADA and FCRA as it employed in excess of fifteen (15) employees.

## **CONDITIONS PRECEDENT**

12. On or around May 27, 2020, Plaintiff dual-filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and Florida Commission on Human Relations ("FCHR") alleging disability discrimination and retaliation against Defendant.

13. More than 180 days have passed since the filing of the Charge of Discrimination.

14. On August 20, 2021, Plaintiff received the EEOC's Notice of Right to Sue against Defendant, giving Plaintiff the right to bring a civil action on his claims within 90 days of his receipt of the same.

15. Plaintiff timely files this action within the applicable period of limitations against Defendant.

16. All conditions precedent to this action have been satisfied and/or waived.

## FACTUAL ALLEGATIONS

17. Mr. Woods worked for FC, most recently as a Retail Sales Supervisor, from July 25, 2011, until his termination on December 17, 2019, which was later said by FC to be "effective" as of January 17, 2020.

18. On September 15, 2019, Mr. Woods began suffering disabling, serious health conditions due to being involved in a motor vehicle accident that day.

19. Specifically, after the accident, Mr. Woods suffered spinal cord compression in his cervical spine, disc herniations in his spine causing radiating pain into his extremities, and traumatic brain injury.

20. Mr. Woods attempted to engage his supervisor at FC, Zabrina Mitchell ("Ms. Mitchell"), in a conversation about potential reasonable accommodation for his disabilities, but Ms. Mitchell refused to discuss the matter with him.

21. Mr. Woods applied for, and was approved for, a period of continuous leave pursuant to the FMLA in order to treat and address his serious health conditions.

22. Mr. Woods was out on FMLA leave from September 29, 2019, through December 2, 2019.

23. However, Mr. Woods needed to utilize more FMLA leave in order to treat and address his conditions, but Ms. Mitchell pressured him relentlessly while he was out on FMLA leave to come back to work at FC as soon as possible

24. Upon Mr. Woods's return to work at FC, Ms. Mitchell and other FC supervisors harassed him relentlessly about errors made by others in his absence.

25. Ms. Mitchell personally visited his location on December 3, 2019, and on December 4, 2019.

26. This was highly unusual, as her location was actually in downtown Tampa, Florida.

27. On December 4, 2019, Ms. Mitchell noticed that Mr. Woods was exhausted and asked him, "what's wrong?"

28. Mr. Woods replied, "I'm hurting."

29. In response, Ms. Mitchell stated, "Spencer, you're acting like you're 65 years old!"

30. On December 14, 2019, FC failed to pay Mr. Woods despite the fact that he had been back off of FMLA leave since December 3, 2019.

31. Upon investigation, Ms. Mitchell turned out to have failed to file a necessary "return to work" form so that Mr. Woods could be activated and paid properly upon his return from FMLA leave.

32. During this time, Ms. Mitchell continued blaming Mr. Woods for errors that had been made by herself and others while Mr. Woods was out on FMLA leave.

33. Ms. Mitchell accused Mr. Woods of missing a particular deadline, for instance, but the deadline was during the period of time that Mr. Woods was out of the office on FMLA leave to treat and address his serious health conditions.

34. On December 17, 2019, Ms. Mitchell berated Mr. Woods for requesting reasonable accommodation for his disabilities and for utilizing FMLA leave to treat and address his serious health conditions, again blaming him for errors that she and others made while Mr. Woods was out of the office on FMLA leave, and berating Mr. Woods for having asked Human Resources about his missing paycheck.

35. Mr. Woods wisely filed complaints with FC's Ethics Department documenting Ms. Mitchell's increasingly unhinged discriminatory behavior since his return from FMLA leave.

36. Within several hours, Dara Chenevert in FC's Human Resources Department sent Mr. Woods an email informing him that FC had suspended his employment without pay, effective immediately.

37. Mr. Woods later learned that his suspension was permanent, and FC had terminated his employment, on December 17, 2019.

38. Such a discriminatory and unlawful termination is exactly the type of adverse employment action that the ADA, the FCRA, and the FMLA were intended to prevent.

39. In reality, Defendant's termination of Mr. Woods stemmed from its discriminatory animus toward his very recent use of FMLA leave, and his need for accommodation under the ADA/FCRA.

40. Any other reason given for Plaintiff's termination is a pretext, designed to cover up FMLA interference and retaliation, and disability discrimination and retaliation.

41. The timing of Plaintiff's termination makes the causal connection between his use of FMLA leave, his request for reasonable accommodation under the ADA/FCRA, and his termination sufficiently clear.

42. An employer is required to provide its disabled employees with a reasonable accommodation, if that reasonable accommodation would allow that employee to perform the essential functions of his job, unless doing so would impose an undue hardship. *Smith v. Avatar Properties, Inc.*, 714 So. 2d 1103, 1107 (Fla. 5th DCA 1998).

43. Mr. Woods is an individual with a disability who, with reasonable accommodation, was fully capable of performing the essential functions of his job as a Retail Sales Supervisor.

44. Allowing Mr. Woods to utilize a period of unpaid leave without penalty or negative repercussions, such as termination, would have been a reasonable accommodation.

45. By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the ADA and the FCRA.

46. The facts surrounding Plaintiff's termination also create a strong inference of disability discrimination in violation of the ADA/FCRA.

47. Defendant was aware of Plaintiff's ADA/FCRA-protected disability and need for accommodation.

48. "Reasonable accommodation" under the ADA may include "job restructuring, part-time or modified work schedules, reassignment to a vacant position, acquisition or modification of equipment or devices . . .and other similar accommodations." 42 U.S.C. § 12111(9)(B).

49. Defendant, however, being well aware of Plaintiff's condition, discriminated and retaliated against Plaintiff for taking time off work to seek treatment, and for requesting reasonable accommodation.

50. In short, despite the availability of reasonable accommodation under the ADA and FCRA, Defendant discriminated against Mr. Woods based solely upon his disability.

51. At all times material hereto, Plaintiff was ready, willing and able to perform his job duties and otherwise qualified for his position, with "reasonable accommodation."

52. Pleading in the alternative, Defendant perceived Plaintiff as being "disabled," and therefore unable to perform the essential functions of his position, despite the fact that Plaintiff could perform same with reasonable accommodation.

53. Pleading in the alternative, Plaintiff's impairment did not substantially limit a major life activity but was treated by Defendant as if it did.

54. Pleading in the alternative, Plaintiff's health condition constituted an impairment that limited a major life activity only because of Defendant's attitude toward the impairment.

55. Pleading in the alternative, Plaintiff had no impairment, whatsoever, but was treated by Defendant as having a disability as recognized by the ADA/FCRA.

56. Plaintiff was a disabled individual, or otherwise perceived as disabled by Defendant, during his employment. Therefore, he is protected class member as envisioned by the ADA and the FCRA.

57. Plaintiff suffered sufficiently severe and pervasive treatment, and ultimately termination, because of his disability and/or "perceived disability."

58. Defendant interfered with Plaintiff's FMLA rights by causing him to take not take benefits he needed to use and was otherwise entitled to use.

59. Defendant also retaliated against Plaintiff for attempting to utilize and/or utilizing FMLA leave.

60. Defendant's conduct constitutes intentional interference and retaliation under the FMLA.

61. Defendant's adverse employment actions were taken to interfere with, and in retaliation for, Mr. Woods notifying FC of his serious health condition, and in retaliation for Mr. Woods attempting to utilize unpaid leave pursuant to the FMLA in order to treat and address same.

62. Defendant purposefully and intentionally interfered with and retaliated against Plaintiff for his use and/or attempted utilization of what should have been protected FMLA leave.

63. Defendant's actions are the exact type of unfair and retaliatory employment practices the ADA, FCRA, and FMLA were intended to prevent.

64. Defendant did not have a good faith basis for its actions.

65. Defendant did not have a legitimate, non-retaliatory reason, for its actions.

66. As a result of Defendant's illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which he is entitled.

67. Defendant lacked a subjective or objective good faith basis for its actions, and Plaintiff is therefore entitled to liquidated damages.

68. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## UNLAWFUL INTERFERENCE UNDER THE FMLA

69. Plaintiff reincorporates and readopts all allegations contained within 1, 2, 5 through 9, 17 through 41, and 58 through 68, Paragraphs above.

70. At all times relevant hereto, Plaintiff was protected by the FMLA.

71. At all times relevant hereto, Defendant interfered with Plaintiff by failing to provide his FMLA paperwork or advise him of his rights and obligations under the FMLA in response to his serious health condition.

72. At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

73. As a result of Defendant's willful and unlawful acts by interfering with Plaintiff for exercising or attempting to exercise his rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

74. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II
## UNLAWFUL RETALIATION UNDER THE FMLA

75. Plaintiff reincorporates and readopts all allegations contained within 1, 2, 5 through 9, 17 through 41, and 58 through 68, Paragraphs above.

76. At all times relevant hereto, Plaintiff was protected by the FMLA.

77. At all times relevant hereto, Defendant retaliated against Plaintiff by firing him for his use or attempted use of FMLA-protected leave.

78. At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

79. At all times relevant hereto, and for purposes of the FMLA retaliation claim, Defendant acted with the intent to retaliate against Plaintiff, because Plaintiff exercised or attempted to exercise his rights to take approved leave pursuant to the FMLA.

80. As a result of Defendant's intentional, willful and unlawful acts by retaliating against Plaintiff for exercising or attempting to exercise his rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

81. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT III
## DISCRIMINATION UNDER THE ADA BASED ON DISABILITY

82. Plaintiff reincorporates and readopts all allegations contained within 1, 3, 5 through 7, 10 through 57, and 63 through 68, Paragraphs above.

83. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the ADA.

84. The discrimination to which Plaintiff was subjected was based on his disability and/or "perceived disability."

85. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

86. Plaintiff has suffered damages as a result of Defendant's illegal conduct toward him.

87. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

88. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT IV
## DISCRIMINATION UNDER THE FLORIDA CIVIL RIGHTS ACT BASED ON DISABILITY

89. Plaintiff reincorporates and readopts all allegations contained within 1, 4 through 7, 10 through 57, and 63 through 68, Paragraphs above.

90. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the FCRA, Chapter 760, Florida Statutes.

91. The discrimination to which Plaintiff was subjected was based on his disability/handicap, or "perceived disability."

92. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

93. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

94. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to section 760.11(5), Florida Statutes.

95. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and

attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT V
## RETALIATION UNDER THE ADA BASED ON DISABILITY

96. Plaintiff reincorporates and readopts all allegations contained within 1, 3, 5 through 7, 10 through 57, and 63 through 68, Paragraphs above.

97. Plaintiff was terminated within close temporal proximity of his objection to Defendant that he felt he was being discriminated against based on his disability.

98. Plaintiff's objections constituted protected activity under the ADA.

99. Plaintiff was terminated as a direct result of his objection to what he reasonably believed to be disability discrimination.

100. Plaintiff's objections to Defendant's illegal conduct, and his termination, are causally related.

101. Defendant's stated reasons for Plaintiff's termination are a pretext.

102. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

103. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it and others from such conduct in the

future.

104. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

105. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT VI
## RETALIATION UNDER THE FLORIDA CIVIL RIGHTS ACT BASED ON DISABILITY

106. Plaintiff reincorporates and readopts all allegations contained within 1, 4 through 7, 10 through 57, and 63 through 68, Paragraphs above.

107. Plaintiff was terminated within close temporal proximity of his objection to Defendant that he felt he was being discriminated against based on his disability.

108. Plaintiff's objection constituted protected activity under the FCRA.

109. Plaintiff was terminated as a direct result of his objection to what he reasonably believed to be disability discrimination.

110. Plaintiff's objection to Defendant's illegal conduct, and his termination, are causally related.

111. Defendant's stated reasons for Plaintiff's termination are a pretext.

16

112. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

113. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it and others from such conduct in the future.

114. Plaintiff is entitled to recover his reasonable attorneys' fees and litigation expenses pursuant to Section 760.11(5), Florida Statutes.

115. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

DATED this 18th day of November, 2021.

Respectfully Submitted,

**By:** */s/ Noah Storch*
Noah E. Storch, Esq.
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A.
10368 W. SR 84, Suite 103
Davie, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-mail: noah@floridaovertimelawyer.com